(C.D. 3824)

MESSRS. McHUTCHISON & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 15, 1969)

*Allerton deC. Tompkins* for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Harold L. Grossman* and *Robert Blanc,* trial attorneys), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

NEWMAN, Judge: The issue presented for our determination is the proper tariff classification for certain sundials imported from Sweden.

It appears that the sundials were assessed with duty by the collector of customs at the rate of $1.50 each, plus 32½ per centum ad valorem, under the provision in paragraph 368(a) of the Tariff Act of 1930, as modified by T.D. 52739, covering mechanisms, devices or instruments intended or suitable for measuring or indicating time.

Plaintiff claims that the classification is erroneous, and that the sundials are properly dutiable at the rate of 19 per centum ad valorem under the provision in paragraph 397 of the act, as modified by T.D. 54108, for articles or wares not specially provided for composed wholly or in chief value of iron. Alternatively, plaintiff claims that the sundials should have been assessed with duty at the rate of 17 per centum ad valorem under paragraph 339 of the act, as modified by T.D. 54108, as household utensils.

## The Statutes

Classified under:

Paragraph 368(a) of the Tariff Act of 1930, as modified by T.D. 52739:

Clocks, clock movements * * * time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, and any mechanism, device, or instrument intended or suitable for measuring or indicating time * * * :

\* \* \* \* \* \* \*

    Valued over $5 but not over $10 each\_\_\_\_    $1. 50 each and 32½% ad val.

Claimed under:

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

    Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

    Not wholly or in chief value of tin or tin plate:

\* \* \* \* \* \* \*

    Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum * * * _____   19% ad val.

Alternatively claimed under:

Paragraph 339 of the Tariff Act of 1930, as modified by T.D. 54108:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, * * * :

\* \* \* \* \* \* \*

    Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

\* \* \* \* \* \* \*

    Other base metal:

\* \* \* \* \* \* \*

    Other _____   17% ad val.

Significantly, the imported article is designated on the commercial invoice as a sundial; and concededly the article is bought and sold by the importer as a sundial.

A sample of the merchandise (received in evidence as plantiff's exhibit 1) consists of a figure on a base, which is holding a spherical

shape, with an arrow through it.[1] One of the circles or rings comprising the sphere of the sundial has numbers, which are obviously intended to indicate the hours of the day, and additional marks which are obviously intended to indicate half hours. The purpose of the arrow is to cast a shadow when the sun strikes it, so as to indicate the time of day on the sphere. Obviously, a sundial is useless as a time-indicating device at night, or at any other time when the sun is not shining upon it; and is inaccurate in indicating time if it is incorrectly positioned or installed.

Edgar McHutchison, president and general manager of the importer, testified that he found exhibit 1 difficult to properly position to indicate time, and that it would be inaccurate even if positioned correctly,[2] except four times a year, viz., around Christmas, early in April, in June and September, by reason of "an error in the sun which is known as the equation of time." Continuing, Mr. McHutchison stated that exhibit 1 was not functional as, and he had not sold such sundial as, a device for indicating or measuring time; that the imported article was essentially a garden ornament, and that he had used it as such.

Plainly, Mr. McHutchison—a celestial navigator in World War II and a professional horticulturist—is well qualified as an expert. Nevertheless, his testimony concerning the use of the sundial by others, which he had observed, is extremely vague as to where, when, or how often, and is of little probative value.

Moreover, it is apparent to us from an examination of exhibit 1 and a reading of the instructions for assembling and installing the sundial (received as exhibit 2) that the imported articles were intended to be used and were sold as time-indicating devices. Thus, the instructions state, in part:

The simplest way to set a Sun Dial is to use an accurate watch and turn the Sun Dial until the shadow cast by the arrow shaft indicates the time on the numbered band.

The precise question presented in this case was previously resolved in favor of the Government in *Gematex Corp.* v. *United States*, 57 Cust. Ct. 111, C.D. 2738 (1966), and defendant quite properly relies upon that holding as *stare decisis*. In *Gematex*, sundials in the shape of a globe with numbers and an arrow for casting a shadow, such as those involved in the instant case, were held to be properly classified as time-indicating devices under paragraph 368(a) of the Tariff Act of 1930, as modified, rather than as articles in chief value of metal, not specially provided for, under paragraph 397, as modified. Instructions for assembling the sundials so that they could indicate time

---

[1] The importer described the merchandise as an "armillary sundial", defining the term "armillary" as "rings within rings." (R.14.)

[2] According to McHutchison, exhibit 1 could be "inaccurate" to the extent of 15 or 16 minutes, even if it indicated the "correct sun time." (R.15.)

were furnished to purchasers of the merchandise. There too, the facts that the sundials were not very accurate, that some people used them as ornaments, and did not install them properly so that they could indicate time, did not change their status as time-indicating devices.

In *Gematex*, we cited and followed our previous decision in *Black Starr & Gorham* v. *United States*, 44 Cust. Ct. 118, C.D. 2163 (1960), wherein it was held that certain sundials which had been classified by the collector under paragraph 397, were properly dutiable under paragraph 368(a). In the course of our opinion, in *Black Starr & Gorham*, we made the following observations, which are equally pertinent in the present case (44 Cust. Ct. at 119–120) :

We deem it a matter of common knowledge of which the court may take judicial notice that from time immemorial sundials have, by common repute, been recognized as time-measuring devices. This conclusion is amply supported by the following definitions:

Standard Dictionary (1931) :

A device that measures time by means of the shadow of a style or gnomon thrown on a dial.

Webster's New International Dictionary (1939) :

An instrument to show the time of day by the shadow of a gnomon, or style, on a plate (usually horizontal), or on a cylindrical surface.

Webster's New World Dictionary of the American language (1958) :

sundial * * * n. an instrument that indicates time by the position of the shadow of a pointer or gnomon cast by the sum [sic] on the face of a dial marked in hours.

Indeed, *Webster's Third New International Dictionary* (1968) continues to utilize the strikingly similar definition: "sundial * * * an instrument to show the time of day by the shadow of a gnomon on a usu. horizontal plate, or on a cylindrical surface."

The facts disclosed by the record in the present case are not materially different from those which were before us in *Gematex*. In point of fact, counsel for plaintiff has conceded that the merchandise here involved is the same in all material respects as the merchandise in *Gematex;* but it is again urged that the sundials are not within the purview of paragraph 368(a) since they are essentially garden ornaments and incapable of accurately indicating the time of day.

As did the plaintiff in *Gematex*, plaintiff herein cites *United States* v. *United Geophysical Company*, 38 CCPA 137, C.A.D. 451 (1951), wherein the appellate court held that certain radar equipment was not classifiable under paragraph 368(a) as mechanisms, devices, or instruments intended or suitable for measuring distance, where "the primary function of the subject device is to *detect* objects, rather than to *measure distances*" (*id.* at 142) [emphasis copied]. Although it recognized

the importance of the latter function, the appellate court held the admitted errors to which the radar was susceptible in estimating or measuring distance to be outside the degree of accuracy which the court deemed as required by the articles enumerated in paragraph 368.

Entirely applicable in the present case is our comment in *Gematex*, distinguishing *United Geophysical* (57 Cust. Ct. at 117) :

There is no comparable admission here [of errors]. While plaintiff's president testified that sun dials are not accurate time keepers, the language of paragraph 368 is not similar for time mechanisms as for distance mechanisms. The latter are to measure distance; it suffices if the former *indicate* time. [Emphasis copied.]

Hence, in *Gematex* we stated that we saw nothing in *United Geophysical* which would warrant our overruling *Black Starr & Gorham* (*id.* at 117). It is fundamental, of course, that a former holding should not be disturbed in the absence of a clear and convincing showing of error. *United States* v. *Dodge & Olcott, Inc.*, 47 CCPA 100, C.A.D. 737 (1960) ; *United States* v. *Charles H. Demarest, Inc.*, 45 CCPA 109, C.A.D. 682 (1958). We conclude that no such error has been shown by plaintiff in the present case; and further, that plaintiff has failed to adduce factual testimony sufficient to refute our finding in *Gematex*.

At the risk of repetition, we stress the following : the importer purchased the article as a sundial; referred to it as a sundial in its instruction sheet; sold it as a sundial to the public—and that plaintiff's opening statement acknowledges: "the subject concerning the tariff classification of sundials has previously been the subject of litigation in this court in almost identical cases or possibly it is identical, that is, *Gematex Corp.* v. *The United States*, C.D. 2738" (R.2). And again, the record is barren of testimony which impels us to disturb the *Gematex* finding.

Consequently, upon the facts, and following our previous decisions, we hold that the sundials involved herein were properly classified by the collector under paragraph 368(a) of the Tariff Act of 1930, as modified, and overrule the protest.

Judgment will be entered accordingly.